

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEELA CHOUDARY, ) | |
| ) | |
| Plaintiff, ) | Case. No. 07 C 6966 |
| v. ) | |
| ) | Magistrate Judge |
| P&G-CLAIROL, INC., ) | Arlander Keys |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Leela Choudary, a citizen of Illinois, has sued P&G-Clairol, Inc. ("Clairol"), an Ohio corporation, alleging product liability and negligence. Ms. Choudary originally brought suit in the Circuit Court of Cook County's Law Division, but Clairol removed the case to federal court. Currently before the Court is Ms. Choudary's motion to remand the case back to state court.

At the heart of this matter are the injuries Ms. Choudary claims she sustained as a result of using a hair dye manufactured by Clairol. In her complaint, Ms. Choudary stated that, after using a Clairol hair dye product as directed, she suffered an allergic reaction. She claimed that the dye was not reasonably safe for its intended and foreseeable uses, and that Clairol knew or should have known about the dangers this product allegedly posed. According to Ms. Choudary's complaint, as a result of her contact with the dye she "sustained severe and permanent injuries, both externally and internally, and was and will be

hindered and prevented from attending to her usual duties and affairs, and has lost and will in the future lose the value of that time as aforementioned." Pl.'s Compl. at 2. Furthermore, Ms. Choudary alleged that she suffered and will continue to suffer "great pain and anguish, both in mind and body," and that she expended and will continue to expend "large sums of money for medical care and services endeavoring to become healed and cured of said injuries." Id.

With regard to her injuries, Ms. Choudary also gave a statement to a representative at Clairol's claims department; in that statement, made approximately two and a half months after she allegedly suffered the allergic reaction, Ms. Choudary reported that her use of the Clairol hair product caused her "scalp [to begin] oozing, seeping and pus" and resulted in an "all-over permanent body rash and scars." Def.'s Ex. B. She stated that she was "unable to function or work" and that she had visited the emergency room four times, once being transported by ambulance because she was "unable to walk." Id. She further indicated that her eyes and eyelids were adversely affected by the oozing of acidic fluid from her scalp, and that she was suffering "side effects to steroid treatments." Id. According to that statement, at the time, Ms. Choudary was "still under a doctor's care and on medicines and . . . $10,000 in debt." Id.

2

Illinois pleading rules require that an amount of at least $30,000 be sought in a civil action pleading for a plaintiff to establish venue in the state court's Law Division. ILL. GEN. ORDS. CIR. CT. COOK CO. R. 2.1. Ms. Choudary fulfilled this requirement when she alleged damages in excess of $50,000. (Pl.'s Compl. at 2.) Clairol subsequently sought removal of this case to the United States District Court for the Northern District of Illinois based on the parties' diversity of citizenship. For a federal court to have subject matter jurisdiction in a case such as this, the moving party must demonstrate that, not only are the parties citizens of different jurisdictions, but also that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1447, 1332. The jurisdictional amount must be proven by a preponderance of the evidence. *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 428 (7th Cir. 1997). Clairol presented evidence to support its removal petition, and, based upon that, the case was removed to this Court. At the time of removal, Ms. Choudary did not contest the existence of subject matter jurisdiction in this Court, and the process of discovery began. Now, however, Ms. Choudary, seeks to remand this case to state court, arguing that the amount in controversy was never sufficient to satisfy federal subject matter jurisdiction standards.

Whether removal is proper is determined by the record as a whole. *Casey v. Hinckley & Schmitt, Inc.*, 815 F.Supp. 266, 267 (N.D. Ill. 1993). The Seventh Circuit has instructed that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal . . . . Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Meridian Security Insurance v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)(citing Johnson v. Wattenbarger, 361 F.3d 991 (7th Cir. 2004)).

In *Epstein v. Target Corporation*, No. 06 C 7035, 2007 WL 551552, at *2 (N. D. Ill. Feb. 15, 2007), the court rejected a remand motion because the defendant, who opposed remand, presented evidence that the plaintiff's back pay alone could exceed the jurisdictional amount, that the plaintiff was seeking both compensatory and punitive damages, and that the plaintiff's attorney refused to stipulate that damages would be below $75,000. Here, Ms. Choudary is not seeking punitive damages or backpay. But, as in *Epstein*, she has refused to stipulate that her damages will be below the jurisdictional threshold, which

gives rise to an inference that the amount in controversy is sufficient. *See Epstein*, at *2 (citing *Workman v. United Parcel Service*, 234 F.3d 998, 1000 (7th Cir. 2000); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006)). Moreover, when Clairol sought removal, Ms. Choudary did not challenge the jurisdictional requirements. Based upon this, and based upon the evidence Clairol offered in support of removal, the Court determined that Clairol had met its burden of proving, by a preponderance of the evidence, the existence of federal subject matter jurisdiction. In particular, the plain language of Ms. Choudary's complaint – especially her allegations of "severe and permanent injuries," "great pain and anguish," and her alleged loss of "large sums of money" – coupled with her apparent acquiescence in the removal of the case, were strong evidence that the jurisdictional requirements were met. Yet, now that the case has proceeded through discovery, Ms. Choudary argues that jurisdiction never existed.

In her remand motion, Ms. Choudary argues that the language used in her complaint was merely boilerplate and not indicative of the extent of her damages. Although the allegations in her complaint, which were substantiated by her statement to Clairol, were somewhat non-specific, that language she used – notably, her use of the words "severe" and "permanent" in describing her

5

injuries – certainly suggests that her damages were significant enough to satisfy the requirements of federal subject matter jurisdiction. Moreover, the fact that Ms. Choudary did not challenge the jurisdiction prerequisite of the amount in controversy at the time of removal suggests that it was the proper course at the time; this was certainly bolstered by her attorney's refusal to stipulate that his client would not seek more than $75,000. Although this alone would not necessarily preclude remand, it is strong evidence that Ms. Choudary believed that her claim was worth at least $75,000. *See Workman v. United Parcel Service, Inc.*, 234 F.3d 988, 1000 (7th Cir. 2000)(where a plaintiff does not stipulate to damages of less than $75,000, "the inference arises that he thinks his claim may be worth more").

Because the jurisdictional standards were met at the time of removal, to secure a remand at this stage of the proceedings, Ms. Choudary must prove to a "legal certainty" that the amount in controversy requirement is not met. *See Meridian*, 441 F.3d at 543. The only evidence Ms. Choudary offers to meet this burden, however, is a post-removal affidavit from her lawyer. And this is simply not appropriate. "Once a case has been removed, the plaintiff cannot by stipulation, affidavit, or amendment of his pleading, deprive the district court of jurisdiction by reducing

6

the claim to less than the jurisdictional minimum." *Jennings v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 2003 WL 22290405 (N.D. Ill. Oct. 2, 2003). In short, although it is not entirely clear that Ms. Choudary's damages will, in the end, necessarily exceed the jurisdictional threshold of $75,000, it is far from legally certain that they will not. Accordingly, her motion to remand is denied.

## Conclusion

For the reasons set forth above, Ms. Choudary's motion to remand [#24] is denied. The case was previously set for a status hearing on October 29, 2008 at 9:00 a.m.; that date stands.

Date: October 22, 2008

ENTER:

*/s/ Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge